## ORANGE COUNTY COURT.

### John M'Lean agt. Paul Jagger.

Where the defendant was sued before a justice of the peace on several items of account, among which was $10, borrowed of plaintiff's wife, *held*, on the trial, that the *admissions* made by plaintiff's wife, to third persons, that the defendant had repaid her that sum, was admissible as proper evidence.

In such a case, the wife acts as the *agent* of her husband, and the latter is bound by all her acts and assertions in relation to the transaction.

*December Term*, 1856.

This cause was tried in a justice's court, before A. Dan, justice of the peace, and a jury.

The plaintiff complained by a bill of various items, amounting to $80 : one of the items was that defendant had borrowed $10 of plaintiff's wife.

The defendant denied several of the items of account, set up a counter-claim, and admitted borrowing $10 of plaintiff's wife, and claimed that he had paid the same to her.

Upon the trial the defendant offered to show by two witnesses that plaintiff's wife had told them that she had loaned defendant $10, and that he had repaid her in full.

The plaintiff objected to the admissions of his wife as evidence. The court overruled the objection, and admitted the testimony. The jury gave a verdict for the defendant for $22.33 and costs.

The plaintiff appealed to this court, which was heard and decided at Goshen, Dec. 9th, 1856.

E. C. Sutherland, *for appellant*,

Urged that the justice improperly admitted the declarations of the plaintiff's wife as evidence on the trial, and cited *Pillow & wife* agt. *Bushnell*, (4 *How. Prac. R.* 9,) *Erwin* agt. *Smaller*, (2 *Sand.* 340.)

Daniel C. Birdsall, *for respondent*,

Contended that the plaintiff's wife acted as his agent in the transaction, and, as such agent, he was bound by her acts and

Cushman and another agt. Johnson.

admissions, and that they were properly admitted in evidence against him, and cited *Church* agt. *Sanders*, (10 *Wend.* 79,) *Hopkins* agt. *Mollineaux*, (4 *id.* 465,) *Darcy* agt. *The Chemical Bank*, (2 *Hall*, 45,) *Fenner* agt. *Lewis*, (10 *J. R.* 38,) *Riley* agt. *Suydam*, (4 *Barb.* 222,) *Emmerson* agt. *Blander*, (1 *Esp. Rep.* 142,) *Gregory* agt. *Parker*, (1 *Campl. N. P.* 364,) *Williams* agt. *Johnson*, (1 *Stra.* 504, *and* 527.)

DURYEA, County Judge. After a careful examination of this case, I have come to the conclusion that the wife of the appellant acted in this transaction as the agent of her husband, and that he was bound by all her acts and assertions in relation to it, and that the court below properly admitted her declarations to the witnesses Riley and Jagger in evidence, to show that the respondent had repaid the $10 so borrowed of her: and as this is the only point of importance on the appeal, the judgment ought to be affirmed.

Judgment affirmed with costs.